IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CORAL GROUP, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 05-0633-CV-W-DW |
| SHELL OIL COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

Upon a showing of good cause in support of entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness or person providing discovery in this case, **IT IS HEREBY ORDERED**:

1. All materials and copies, transcriptions, or other reproductions of materials produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, an order of this Court, or otherwise (collectively "materials"), which are designated as "confidential" or "highly confidential" under the terms hereof, shall be subject to the provisions of this Protective Order.

    (a) <u>Confidential Materials</u>. Discovery materials produced in this action by any party or non-party which contain or disclose information alleged to be of a confidential nature, including, but not limited to, documents alleged to be commercially sensitive or proprietary, may be designated by the producing party or non-party as "confidential." In agreeing that parties and non-parties may designate discovery material as "confidential," in the first instance, the parties do not endorse the propriety of any such

856978v9

1

Case 4:05-cv-00633-DGK   Document 74   Filed 03/23/06   Page 1 of 14

designation and reserve all rights to challenge any such designation in accordance with paragraph 4 of this Protective Order by appropriate application to the Court.

  (b) <u>Highly Confidential Materials</u>.

Confidential discovery materials produced in this action by any party or non-party may be designated by the producing party or non-party as "highly confidential", when the disclosure of the confidential discovery materials to a party or non-party could compromise, impair or destroy the commercial and proprietary value of such information or the privacy rights that attach to it. By way of example only, "highly confidential" materials shall include but not be limited to (i) the MSO model and related documents; (ii) business strategies and planning; (iii) marketing strategies and planning; and (iv) Defendants' cost, expense, profitability, and capital investment information. In agreeing that parties and non-parties may designate discovery materials as "highly confidential", in the first instance, the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 4 of the Order by appropriate application to the Court.

2. Any party to this action and counsel for any party to this action may designate as "confidential" or "highly confidential" any materials produced in this action which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature by, prior to production of such materials, stamping such materials "confidential" or "highly confidential." The initial failure to designate information in accordance with this Protective Order shall not preclude the producing party at a later date from designating in good faith any information as "confidential" or "highly confidential" which it inadvertently failed to so designate previously. Except where expressly stated otherwise herein, documents designated as

856978v9

2

"highly confidential" shall be treated as "confidential" for all purposes of this Protective Order. Counsel for a party to this action may challenge the designation of any materials as "confidential" and "highly confidential" by the procedure designated in paragraph 4 herein.

3. Materials and the contents of materials designated "confidential" or "highly confidential" shall be used for purposes of this action only and for no other purpose, and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal), and the parties in this action who have executed the attached undertaking, and counsel of record for the parties in this action who have executed the attached undertaking (Exhibit A hereto). Prohibited use of materials and the contents of materials marked "confidential" or "highly confidential" shall be broadly construed and includes, but is not limited to, direct or indirect contact with the media, public comment or discussion of any kind or type on the materials, direct or indirect reference to the materials or direct or indirect reference to the fact that materials have been marked "confidential" or "highly confidential" (outside of pleadings filed with the Court or presentations to the Court), direct or indirect reference to the materials during or in furtherance of the solicitation of clients for this case or other cases, and direct or indirect reference to the materials in any other case or court proceeding.

    a. Direct or indirect reference to materials designated "confidential" or "highly confidential," by title of the document or by some other basic identifying characteristics only, shall not constitute a violation of, or a waiver of, the protections afforded by this Protective Order.

    b. Submission to this Court of materials or the contents of materials designated "confidential" shall not constitute a violation of, or a waiver of, the

protections afforded by this Protective Order to the materials or contents of the materials so submitted.

c. The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to other counsel, to paralegals, and to clerical staff employed in the disclosing counsel's office shall not constitute a violation of, or a waiver of, the protections afforded by this Protective Order to the materials or contents of the materials so disclosed, provided said counsel shall have any such person read, sign and agree to be bound by the terms of this Protective Order as specified below at paragraph 3(g).

d. The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to experts, consultants, or vendors who are employed by such counsel shall not constitute a violation of, or a waiver of, the protections afforded by this Protective Order to the materials or contents of the materials so disclosed, provided said counsel shall have any such expert, consultant, or vendor read, sign and agree to be bound by the terms of this Protective Order as specified below at paragraph 3(g).

e. In addition to the restrictions upon use of and access to such materials that other provisions of this Protective Order impose, "highly confidential" materials shall not be disclosed to anyone other than (i) in-house or outside counsel for a party who have signed the attached undertaking (Exhibit A hereto), (ii) experts retained by a party who have signed the attached undertaking (Exhibit A hereto) and for whom the requirements in paragraph 3(e) have been met, (iii) current or former employees of the designating party during the course of a deposition; (iv) Alan Barazi, after he has signed the attached

undertaking (Exhibit A hereto); or (v) the Court, provided that such materials are filed under seal.

f. Any Party who retains an expert who currently is or who has been a competitor of Defendants in the past five years involved in the marketing and sale of motor fuel, or is a present or former jobber in the past five years of Defendants or any of Defendants' predecessor or successor companies, or who has or had a business relationship or employment with a competitor of Defendants, shall provide notice to opposing counsel at least seven (7) business days before disclosing to such expert any materials marked confidential or highly confidential. Opposing counsel shall then have an opportunity to challenge the disclosure of such documents to the expert by promptly filing a motion with the Court. As used in this subparagraph, the term "jobber" shall mean a wholesaler involved in the marketing, distribution and sale of motor fuel.

g. Counsel for a party to this action may disclose to the parties as set forth below, such material identified below:

1. The representatives of Plaintiffs. The representatives of the named Plaintiffs are identified as Alan Barazi, Chris Walls, Bill Hunt, Mike Witbraad, Melissa Hurt, and Julian Barazi. Such representatives shall have access in accordance with the terms of this Protective Order to any material designated "confidential." The representatives of the named Plaintiffs shall not have access to any material designated by Defendants as "highly confidential" except as specified in subparagraph (e) above.

2. The representatives of Defendants who are reasonably necessary to the defense of this lawsuit shall have access to confidential materials. The

856978v9

5

representatives of the named Defendants shall not have access to any material designated by Plaintiffs as "highly confidential" except as specified in subparagraph (e) above.

      h.     In no event shall any materials marked "confidential" or "highly confidential" and produced subject to this Protective Order be disclosed to any person other than those who sign the attached undertaking (Exhibit A hereto) in advance of any disclosure to such person. Counsel for the party that supplies such materials shall be responsible for first obtaining and maintaining the undertaking. Counsel for any party shall have the right to a copy of executed undertakings upon making a reasonable written request to another party, except for consulting experts and with respect to testifying experts only after the time for disclosure of such experts has been triggered under the scheduling order for this case. All parties to this action and anyone executing the attached undertaking (Exhibit A hereto) consent to the jurisdiction of this Court, and to venue in this Court, even after final adjudication, including settlement or other disposition, of this case to enforce the Protective Order, to punish disobedience of the Protective Order, and to decide all issues involving the Protective Order, even if he/she resides or is employed outside the State of Missouri.

      4.     In the event that counsel for a party to this action desires to disclose materials or the contents of materials designated "confidential" or "highly confidential" to any person or entity other than those described in Paragraph 3 above, or in the event that counsel for a party disputes the appropriateness of a designation of materials as "confidential" or "highly confidential," that counsel shall first make a written request to counsel for the party which produced such materials for permission to disclose such materials or the contents of such

856978v9

6

materials, which written request shall identify the Bates number of the documents for which such disclosure is sought and set forth with specificity the identity of the person, groups of persons (including collectively the Plaintiffs) or entity for whom such permission to disclose is sought. Such permission shall not be unreasonably withheld.

    a.    In the event permission to disclose materials or the contents of materials designated "confidential" or "highly confidential" to persons or entities other than those described in Paragraph 3 above is not granted within five (5) business days, counsel desiring such disclosure may make written application to this Court for an Order permitting such disclosure subject to any terms and conditions the Court deems appropriate, which application (filed under seal) shall describe with specificity the materials for which such waiver has been sought, the identity of the person or entity for whom such permission to disclose is sought, any and all grounds or bases for the request.

    b.    Upon written request of counsel for a party to this action, the other party's counsel shall promptly provide a written list of all persons or entities other than those described in Paragraph 3 above to whom or to which materials or the contents of materials designated "confidential" have been disclosed, and a copy of the undertaking executed by each such person.

    c.    In the event a party disagrees with the "confidential" or "highly confidential" designation, it shall first attempt to resolve the dispute through good faith negotiation with the designating party or non-party. If the matter cannot be resolved, the party disputing the designation may challenge it by motion to the Court. The party making the designation shall have the burden to establish that its designation is supported by good cause.

5. Attendance at depositions taken in this action at which materials or the contents of materials designated "confidential" are identified, discussed, or disclosed shall be limited to the parties, counsel for the parties to this action, including other counsel, paralegals, and clerical staff employed in his or her office, the court reporter, the witness, counsel for the witness, and any experts or consultants who are employed by the parties or their counsel, provided such persons have duly executed the undertaking attached as Exhibit A. Plaintiffs, and their representatives as identified above, may attend such deposition to the extent that the "confidential" materials, or the contents of materials designated "confidential" are discussed. Alan Barazi, but not Plaintiffs' other representatives, may attend any portion of a deposition, even where the examination is on "highly confidential" matters.

    a. In the event materials or the contents of materials designated "confidential" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those described in Paragraph 3 above, the deponent shall be required to acknowledge the request of the party seeking protection under this Protective Order on the record that he or she has been advised of and has agreed to be bound by the terms of this Protective Order.

    b. Within 10 days of receipt of the transcript of a deposition by the parties (or within 10 days of the entry of this Protective Order for depositions which occurred prior to the execution of this document), any party may designate as "confidential" or "highly confidential" any portion of the deposition in which materials or the contents of materials designated as "confidential" or "highly confidential" are discussed or disclosed. These designations must specifically identify the page and line number of the transcript on which the disclosure or discussion of "confidential" or "highly confidential"

information begins and the precise page and line number of the transcript on which it ends. Only the specific transcript sections so identified will receive "confidential" or "highly confidential" protection.

  c. No portion of any transcript of any deposition designated as "confidential" or "highly confidential" shall be disclosed to any person or entity except as is provided in this Protective Order.

  6. In the event that counsel for a party to this action desires to identify, discuss, disclose, or otherwise use materials or the contents of materials designated "confidential" during the course of any hearing or in person court appearance, either pretrial or trial, he or she shall file any portion of any transcript wherein such materials or the contents of such materials are identified, discussed, disclosed, or used, and any exhibits wherein materials or the contents of materials designated "confidential" are identified, discussed, or disclosed, or used, under seal with this Court and such materials shall be accorded the protections afforded by this Protective Order. Counsel for the parties to this action shall exercise due care not to disclose to persons present at such pretrial or trial proceedings or to have recorded or placed in the public record of such proceedings, materials or the contents of materials designated "confidential" or "highly confidential." Such due care may include convening proceedings in camera for any proceeding that involves confidential material.

  7. This Protective Order fully incorporates and applies all of the confidentiality provisions set forth in the MSO Agreements and the accompanying leases between the parties; provided, however, that in the event there is a conflict between this Protective Order and such confidentiality provisions, then the terms of this Protective Order are controlling.

856978v9

9

Case 4:05-cv-00633-DGK   Document 74   Filed 03/23/06   Page 9 of 14

8. In the event materials designated "confidential" or "highly confidential", or transcripts or other things wherein materials or the contents of materials designated "confidential" or "highly confidential" are identified, discussed, disclosed, or otherwise used are deposited with the Clerk of the Court or Clerk for the Judge handling this matter, such materials, portions of transcripts, or other things shall be filed in a sealed envelope bearing the following designation when deposited:

**CONFIDENTIAL**

**THE CONTENTS OF THIS ENVELOPE ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND MUST NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT, AN ATTORNEY IN THIS CASE, OR OTHER PERSON(S) SPECIFICALLY ALLOWED ACCESS TO CONFIDENTIAL MATERIALS UNDER THE PROTECTIVE ORDER.**

9. Counsel for a party to this action shall not, in the presence of the jury, comment on the reasons or motivation for designating materials "confidential" or "highly confidential" without first having obtained permission of the Court to do so.

10. This Protective Order, to the extent it restricts the depositing, disclosure, discussion, identification, and use of materials and the contents of materials designated "confidential," or "highly confidential" shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs. Within sixty (60) days after final adjudication to this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs or final settlement of this action, the Clerk of this Court shall return under seal all materials designated "confidential," including without limitation, all transcripts or other things wherein materials or the contents of materials designated "confidential" or "highly confidential" are identified,

discussed, disclosed, or otherwise used, to counsel for the party who produced the materials. Within (60) days after final adjudication to this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs, or final settlement of this action, all counsel for all parties shall return to all opposing parties all materials produced by said opposing parties, and all copies of such materials, regardless of whether such materials are designated as "confidential" or "highly confidential."

11. Nothing in this Protective Order shall be construed to preclude the party producing any materials designated "confidential" from seeking additional protection for such materials or the contents of such materials. Likewise, nothing in this Protective Order shall prejudice the right of any party to seek relief from or modification to the requirements of this Order for any purpose deemed sufficient by the Court for seeking such relief or modification.

12. Any non-party producing documents pursuant to subpoena may receive the benefits of and be bound by the terms of this Protective Order by stipulating assent thereto in a writing addressed to counsel for the parties.

13. Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment, or decree of whatever description.

14. The parties shall Bates-label all documents that are copied and produced to each other in this matter.

                                                     **SO ORDERED:**

Dated: March 23, 2006                  /s/ DEAN WHIPPLE
                                                     Judge
                                                       United States District Court,
                                                      Western District of Missouri

Accepted and Agreed:

By  /s/  David M. Harris                    By   /s/ Jeffrey R. King
    David M. Harris                              Frederick K. Starrett
    Dawn M. Johnson                              Gordon E. Wells, Jr.
    Michelle M. Drake                            Jeffrey R. King
    Greensfelder, Hemker & Gale, P.C.            Rebecca Jean King
    2000 Equitable Building                      Lathrop & Gage L.C.
    10 South Broadway                            10851 Mastin Boulevard
    St. Louis, MO 63102                          Building 82, Suite 1000
                                                 Overland Park, Kansas 66210


By  /s/ Elizabeth D. Badger
    Elizabeth D. Badger
    BADGER & LEVINGS, LLC
    920 Main Street
    Suite 1920
    Kansas City, MO  64105

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CORAL GROUP, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 05-0633-CV-W-DW |
| SHELL OIL COMPANY, et al., | ) ) ) |
| Defendants. | ) |

**AFFIDAVIT OF**

_____, being duly sworn, states:

1. That he/she resides at _____ in the City/County of _____ and State of _____. That he/she is an employee of _____.

2. That he/she has read the Protective Order governing Confidential Discovery Material dated _____, 2005, in <u>Coral Group, Inc., et al. v. Equilon Enterprises LLC, et al.</u>, Case No. 05-0633-CV-W-DW in the United States District Court for the Western District of Missouri.

3. That he/she is familiar with, understands and agrees to comply with and be bound by the terms of said Protective Order.

4. That he/she will not disclose to persons other than those specifically authorized by said Order, and will not copy or use except for the purposes of this litigation as defined in the Protective Order, any documents or information obtained pursuant to said Order, and

5. That he/she consents to the jurisdiction of the United States District Court for the Western District of Missouri, and to venue in that Court, even after final adjudication, including settlement or other disposition, of this case, to enforce the Protective Order, to punish

856978v9

13

Case 4:05-cv-00633-DGK   Document 74   Filed 03/23/06   Page 13 of 14

disobedience of the Protective Order, and to decide all issues involving the Protective Order, even if he/she resides or is employed outside the State of Missouri.

                                         _____
                                         (signature)

                                         _____
                                         (printed name)

                                         _____
                                         (title/position)

SWORN TO BEFORE ME and subscribed in my presence this ____ day of _____, 200__.

                                         _____
                                         Notary Public