IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CORAL GROUP, INC. and<br>SENTIS GROUP, INC., <br><br>Plaintiffs, <br><br>v. <br><br>SHELL OIL COMPANY and<br>EQUILON ENTERPRISES LLC d/b/a<br>SHELL OIL PRODUCTS US, <br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 4:05-CV-0633–DGK<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER ON SCHEDULING RELATED MOTIONS

Pending before the Court is Defendants' Motion for Order on Briefing (doc. 542), Plaintiffs' Motion for Case Management Conference (doc. 548), Plaintiffs' Amended Motion for a Protective Order Concerning Defendants' Notice of Videotaped Deposition of Willard Conrad (doc. 553),[1] and the Eighth Circuit Court of Appeals' decision (doc. 535) vacating the Court's Dismissal Order (doc. 488) and directing reconsideration of Defendants' Motion for Sanctions (doc. 343). Also pending is Plaintiffs' Motion for a Limited Pretrial Consolidation of Cases (doc. 558), which concerns another lawsuit between the parties, case number 4:10-cv-0125-DGK, which was filed in the District of Kansas and then transferred to this Court.

The parties have different views of how this litigation should proceed: Plaintiffs suggest the next step is to schedule a case management conference and enter a new scheduling order which would govern the remaining pretrial matters (completing expert discovery, finish briefing dispositive motions, and resetting pretrial deadlines) and set a trial date for the earliest possible time, but Plaintiffs make no mention of how the pending motion for sanctions should be

---

[1] Plaintiffs' initial motion for protective order (doc. 549) is denied as moot.

resolved. Defendants suggest that it would be premature to issue a scheduling order or set a trial date until the sanctions issue is resolved because resolution of that issue may significantly impact future scheduling in this case. Defendants request the Court order the parties to file new briefing on the pending motion for sanctions consistent with the Eighth Circuit's opinion. Defendants also suggest they be permitted to perform some discovery into the bribery allegations that have been made, for example by deposing Willard Conrad,[2] before the Court holds an evidentiary hearing on the sanctions issue, or otherwise takes up the motion for sanctions. The parties agree that there should be some sort of consolidation between this case and case number 4:10-cv-0125-DGK, although they cannot agree on the details.

The Court's plan for this litigation is to allow the parties to conduct discovery on the bribery allegations. After the close of this discovery the Court will hold a hearing to hear evidence on this issue and any other issue related to the motion for sanctions. The parties will then re-brief the sanctions issue, and the Court will issue a final order concerning the motion for sanctions. After that order has been issued the Court will determine whether a case management conference should be held. As part of that determination the Court will consider whether the other lawsuit should be consolidated with this one, and if so, how. In the meantime all proceedings in that case will be stayed in the interest of conserving judicial resources.

Consistent with this plan the Court ORDERS as follows: The parties shall have until November 19, 2010 to conduct discovery on the bribery allegations. No other discovery will be permitted during this time. All discovery on this issue shall be completed, not simply scheduled

---

[2] Allegations have been made that Mr. Conrad has knowledge of an alleged offer by Plaintiffs to pay a witness, Nick Anton, to conceal evidence in this case. This allegation is significant: As the Court of Appeals noted, "[i]f Plaintiffs or their agents actually offered to pay Anton to conceal evidence, the outcome of the sanctions question becomes clear."

2

or submitted, by November 19, 2010.  All motions related to this discovery shall be filed on or before December 3, 2010.

Plaintiffs' Amended Motion for a Protective Order (doc. 553) is DENIED.

Plaintiffs' Motion for Case Management Conference (doc. 548) is DENIED WITHOUT PREJUDICE.

The Court will set the date for the evidentiary hearing in a subsequent order after conferring with the parties.

Defendants Motion for Order on Briefing (doc. 542) is GRANTED IN PART.  The Court will issue an order setting the briefing schedule for the sanctions issue after the evidentiary hearing is held.

Plaintiffs' Motion for a Limited Pretrial Consolidation of Cases (doc. 558) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

DATE:  September 28, 2010 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT