IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CORAL GROUP, INC. and | ) | |
| SENTIS GROUP, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-0633–DGK |
| | ) | |
| SHELL OIL COMPANY and | ) | |
| EQUILON ENTERPRISES LLC d/b/a | ) | |
| SHELL OIL PRODUCTS US, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING HEARING FORMAT

During the discovery dispute phone conference held March 1, 2011counsel inquired what the format would be for the evidentiary hearing on the bribery allegations and any other issue related to the motion for sanctions. The Court indicated that it would determine its preferences and then solicit input from the parties on an appropriate format.

The Court has some preferences for what should and should not be presented during this hearing, but would like to hear from the parties before making a final decision. At this point the Court envisions an evidentiary hearing only, where both parties could present or cross-examine testimony from live witnesses relevant to the bribery allegations and the motion for sanctions. The Court would like to hear testimony from live individuals so it can make appropriate credibility determinations. The Court sees no need to watch or hear deposition testimony (other than for impeach purposes), or to review documents during the hearing. Although the parties are welcome to submit such information prior to the hearing, the Court does not want to spend time during the hearing reviewing such information.

Although short (five minute) opening statements from the parties might be helpful to orient the Court, the Court does not anticipate wanting to hear argument from the parties at the conclusion of the hearing. Instead, the Court will direct the parties to re-brief the sanctions issue, and then issue a final order on the motion for sanctions.

With these preferences in mind the Court invites each party to submit a proposal for the hearing. Included in the proposal should be a suggested scope for the hearing (including topics that should or should not be addressed), a suggested format for the hearing, a proposed witness list (including a summary of what each witnesses testimony will be, and how long that witnesses testimony will be), and a total estimated time for the hearing.

Each party should submit its proposal on or before April 22, 2011. The proposal should not exceed seven pages. Each party may, but is not required, to submit a response on or before April 29, 2011. Any response should not exceed five pages.

**IT IS SO ORDERED.**

DATE: April 8, 2011  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT