IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CORAL GROUP, INC. and | ) | |
| SENTIS GROUP, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-0633–DGK |
| | ) | |
| SHELL OIL COMPANY and | ) | |
| EQUILON ENTERPRISES LLC d/b/a | ) | |
| SHELL OIL PRODUCTS US, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR STAY

Now before the Court is Plaintiffs' Motion to Stay or Dismiss Without Prejudice Defendants' Motion for Attorneys' Fees and Costs (Doc. 662). Plaintiffs request the Court stay consideration of Defendants' Motion for Attorneys' Fees and Costs (Doc. 657) until and unless Defendants prevail upon appeal. Plaintiffs argue this would save the parties the expense of briefing an issue that would be rendered moot if the Plaintiffs prevail on appeal, as well as permit Defendants, if they prevail on appeal, to include their costs for appellate litigation in one consolidated motion for attorneys' fees.

Defendants oppose the motion, arguing that the Eighth Circuit has stated a preference that district courts not delay determination of attorneys' fees until after any appeals have been taken so that the Eighth Circuit may decide both issues at once: "Whenever possible and practical, we would rather hear and decide an appeal of an attorney fees award at the same time as an appeal on the merits." *Maristuen v. Nat'l States Ins. Co.*, 57 F.3d 673, 678 (8th Cir. 1995); *see also White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 454 (1982) (observing "district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims

to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together along with any appeal from a final judgment on the merits.").

Given the lengthy history of this case, the Court holds the interest of judicial economy weigh in favor of resolving the issue of attorneys' fees at the present time, so any dispute concerning attorneys' fees may be addressed by the Eighth Circuit in conjunction with its review of the order imposing sanctions.

Plaintiffs shall respond to Defendants' Motion for Attorneys' Fees and Costs (Doc. 657) on or before January 23, 2013.

**IT IS SO ORDERED.**

DATE: January 3, 2013 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT